

NUMBER 13-20-00358-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROGELIO LONGORIA, JR.,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

On appeal from the 24th District Court
of De Witt County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Benavides**

Appellant, Rogelio Longoria, Jr., proceeding pro se, attempts to appeal his conviction for aggravated assault.   We dismiss this appeal for lack of jurisdiction.

On January 24, 2019, the trial court sentenced appellant.   Over a year later, on July 30, 2020, appellant filed a notice of appeal of these judgements in the trial court.

On August 20, 2020, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected. Appellant was further informed the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On August 31,2020, the court received a letter from appellant asserting he did request permission and record. This court now finds appellant's response fails to cure the defect.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

Appellant's notice of appeal, filed more than a year after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Moreover, jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. Tex. Code Crim.

PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2011); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W .3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2013 3d C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999) (per curiam). The appeal is DISMISSED FOR LACK OF JURISDICTION.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of November, 2020.

3